UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARA JENNINGS,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., AMAZON LOGISTICS, INC., BEYOND LOGISTICS, LLC, SHEMAR MOORE, JOHN AND JANE DOES AND ABC CORPS.,<br><br>    Defendants. | No.: _____ |

## NOTICE OF REMOVAL

Defendants Amazon.com, Inc. and Amazon Logistics, Inc. (collectively "Amazon" or "Amazon Defendants") file this Notice of Removal and hereby remove the civil action styled *Jennings v. Amazon.com. Inc. et al.*, No. 260202435, pending in the Court of Common Pleas of Philadelphia County (the "State Court Action"),[1] to the United States District Court for the Eastern District of Pennsylvania. This notice of removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This Court has subject matter jurisdiction because there is complete diversity of citizenship between Plaintiff Sara Jennings ("Plaintiff") and all defendants, including Amazon; the amount in controversy exceeds $75,000, exclusive of interests and costs; and all other requirements for removal have been satisfied. 28 U.S.C. §§ 1332(a), 1441(a), 1446.

**Summary of Basis for Removal**

1. Plaintiff filed her original complaint (the "Complaint") in the State Court Action on February 18, 2026. Amazon has not yet been served with the summons or Complaint.

---

[1] *See* Civil Complaint filed in the State Court Action, attached hereto as **Exhibit A**.

1

2.      In the State Court Action, Plaintiff asserts a variety of state-law claims against Defendants arising from an automobile accident where Defendant Shemar Moore allegedly struck Plaintiff's stationary vehicle while passing it with his delivery van. *See* **Ex. A,** ¶ 10-11. Mr. Moore was in the employment of Defendant Beyond Logistics, LLC ("Beyond"), a company hired by Amazon to deliver packages. *See id.* ¶¶ 4-5.

3.      Plaintiff's Complaint seeks a variety of damages, including compensatory damages for both physical and mental injuries (which she describes as "permanent" and include damage to her nervous system), pain and suffering, mental anguish, loss of enjoyment of usual activities, and lost wages and loss of earning capacity.  Accepting these allegations as true, the value of such damages exceeds $75,000.

4.      There is complete diversity among Plaintiff (who is an alleged citizen of New Jersey) and Defendants (Amazon Defendants are citizens of Delaware and Washington, Mr. Moore is on information and belief a citizen of Pennsylvania, and Beyond is a citizen of Pennsylvania).

5.      On information and belief, no properly joined and served Defendant is a citizen of Pennsylvania.

6.      The Court has jurisdiction under 28 U.S.C. § 1332(a), and this action may thus be removed pursuant to 28 U.S.C. § 1441.

## Basis for Removal

7.      This Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a). The State Court Action is a civil action in which the amount in controversy exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Defendants. Further, all other requirements for removal have been satisfied. *Id.* §§ 1441, 1446.

**A.       The amount-in-controversy requirement is satisfied.**

8.        Plaintiff seeks several categories of damages arising out of "severe, permanent, and debilitating injuries"—including to her "head" and "nerves and nervous systems"—such as compensatory and economic damages, pain and suffering, mental anguish, loss of enjoyment, and other forms of damages. **Ex. A**, ¶¶ 12, 15–17, 20–22. While Plaintiff's Complaint does not expressly set forth the amount of damages sought or the sum demanded, it does specify that Plaintiff seeks damages of *at least* $50,000. *See id.* at pp. 8, 10.[2]

9.        Pennsylvania's "practice [] does not permit demand for a specific sum[.]" 28 U.S.C. § 1446(c)(2)(A)(ii); *see* Pa. R. Civ. P. 1021(b) ("Any pleading demanding relief for unliquidated damages shall not claim any specific sum."). Pursuant to 28 U.S.C. § 1446(c)(2)(A), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that . . . the notice of removal may assert the amount in controversy if the initial pleading seeks (i) nonmonetary relief; or (ii) a money judgment, but [as here] the State practice does not permit demand for a specific sum of damages in excess of the amount demanded." Under such circumstances, removal is proper if the District Court finds that the amount in controversy exceeds $75,000 by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B).

---

[2] Pennsylvania "permits recovery of damages in excess of the amount demanded[.]" § 1446(c)(2)(A)(ii). This is evidenced by Pennsylvania Rule of Civil Procedure 1021, which provides that "[i]n counties having rules governing compulsory arbitration the plaintiff shall state whether the amount claimed does or does not exceed the jurisdictional amount requiring arbitration referral by local rules." Pa. R. Civ. P. 1021(c). And Philadelphia County's local rules provide that the jurisdictional threshold for compulsory arbitration is $50,000.00. *See* Phila. Civ. R. 1301 ("Except as provided hereunder, all cases having an amount in controversy, exclusive of interest and cost, of $50,000 or less shall be assigned to the Compulsory Arbitration Program. . . ."). Plaintiff's Complaint demands "an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with such other relief as the Court shall deem appropriate." Thus, Plaintiff is seeking an amount in excess of the arbitration limits. The stray reference to this being an Arbitration Matter in the Notice Sheet appended to the Complaint appears to be in error, as it conflicts with (a) the identification of this matter as a Major Case on the Complaint, (b) the allegations in the Complaint that Plaintiff is seeking in excess of $50,000 in damages, and (c) and the filing of the State Court Action as a Major Jury action.

10. To make that determination, the Court must look to Plaintiff's Complaint. *See Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself."). When a complaint does not set forth a specific amount of damages, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 87, 89.

11. Based on the damages claimed in Plaintiff's Complaint, which alleges "debilitating" injuries to Plaintiff's "head" and "nervous system," a "preponderance of the evidence" establishes that the amount in controversy likely exceeds $75,000. *Judon v. Travelers Prop. Cas. Co.*, 773 F.3d 495, 504 (3d Cir. 2014). District courts within the Third Circuit have observed that "claims for potentially permanent injuries and pain and suffering may often give rise to damages in excess of $75,000." *Sherman v. Bally's Hotel & Casino*, No. 09-cv-970, 2010 WL 1491425, at *1 n.2 (D.N.J. April 13, 2010) (holding that defendant "persuasively represent[ed] that the amount in controversy may exceed $75,000" when plaintiff alleged "severe injuries, including . . . damage to her nerves and nervous system"). "Allegations of serious and permanent physical injuries resulting in loss of earnings and impairment of earning capacity and medical costs are sufficient to establish the jurisdictional minimum is met." *Brent v. First Student, Inc.*, No. 19-6023, 2020 WL 2545328, at *3 (E.D. Pa. May 20, 2020) (internal quotation marks omitted). Simply put, when the plaintiff alleges "severe and permanent bodily injuries[,] [t]here is no reason to doubt that the amount of damages associated with such injuries, including pain and suffering, medical expenses, and loss of wages, could exceed the minimum threshold in a diversity-of-

citizenship case." *Calender v. NVR, Inc.*, No. 10-cv-4277, 2011 WL 4593759, at *1 n.2 (D.N.J. Sep. 30, 2011).

**B.     There is complete diversity between Plaintiff and Defendants.**

12.     Plaintiff's Complaint states that she is a resident of Mount Laurel, New Jersey. She is thus domiciled in New Jersey and a citizen of New Jersey for purposes of diversity jurisdiction. *See McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation." (internal quotation marks omitted)).

13.     Amazon.com, Inc. is a Delaware corporation with its principal place of business in King County, Washington. Amazon.com, Inc. is thus a citizen of Delaware and Washington for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

14.     Amazon Logistics, Inc., is a Delaware corporation with its principal place of business in King County, Washington. Amazon Logistics, Inc. is thus a citizen of Delaware and Washington for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

15.     On information and belief, Defendant Shemar Moore is a resident of Philadelphia, Pennsylvania, as is alleged in the Complaint. Compl. ¶ 6. He is thus domiciled in Pennsylvania and a citizen of Pennsylvania for purposes of diversity jurisdiction. *McCann*, 458 F.3d at 286.

16.     On information and belief, Defendant Beyond Logistics, LLC is a Pennsylvania limited liability company with two members: Paul Liu and Kim Liu. Based on publicly available information, both Paul and Kim Liu are citizens of Pennsylvania. Beyond is thus a citizen of Pennsylvania for purposes of diversity jurisdiction. *Zambelli Fireworks Mfg. Co. v. Wood*, 592

5

F.3d 412, 418 (3d Cir. 2010) ("We now join our sister circuits in holding that the citizenship of an LLC is determined by the citizenship of each of its members.").

17. Defendants John and Jane Does and ABC Corporations are sued under fictitious names. Their citizenship is ignored for purposes of determining the propriety of removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

18. In sum, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because it is a civil action; the amount in controversy exceeds $75,000; and the Plaintiff (who is a citizen of New Jersey) is completely diverse from Defendants (who are citizens of Delaware, Washington and Pennsylvania).

**C.    All other removal requirements are satisfied.**

19. This Notice of Removal is filed within the time prescribed by law. *See* 28 U.S.C. § 1446(b)(1), (b)(2)(C). Amazon has not yet been served; however, removal prior to receiving formal service of process is proper. *See Encompass Ins. Co. v. StoneMansion Res., Inc.*, 902 F.3d 147, 150 (3d Cir. 2018) (defendant properly removed despite refusing service); *see Dutton v. Ethicon, Inc.*, 423 F. Supp. 3d 81, 90 (D.N.J. 2019) ("Here, as the circuit court signaled in *Encompass*, EJ&J's filing of notice of removal within minutes of the timestamping of Williams's complaint does not make removal improper under § 1441(b).").

20. No properly joined and served Defendant is a citizen of Pennsylvania, the state where the State Court Action was filed. 28 U.S.C. § 1441(b)(2).

    a.   Amazon Defendants are citizens of Delaware and Washington.

    b.   Defendants Moore and Beyond are citizens of Pennsylvania; however, on information and belief and based on a review of the docket in the State Court

Action, Defendants Moore and Beyond have not been served with process, making removal proper. *Encompass*, 902 F.3d at 153–54 (holding that the "plain meaning of the statute" allows for removal when the forum defendants have not been served).

21. No defendants have been served, and consent to removal by unserved defendants is not required.[3] *See Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009) ("[A] defendant who has not been served need not consent to removal."); *Avenatti v. Fox News Network LLC*, 41 F.4th 125, 128 n.1 (3d Cir. 2022) ("It was not necessary for any of the named Fox News employees to join in the removal because they had not yet been served at all.").

22. Venue is proper in the Eastern District of Pennsylvania because the State Court Action is pending in the Court of Common Pleas of Philadelphia County, which is "embrac[ed]" by this Court. *See* 28 U.S.C. §§ 1441(a), 1446(a); *see also id.* § 118(a) (defining counties included in this District).

23. Although Amazon has not yet been served, a copy of the state court docket reflecting all process, pleadings, and orders filed in the State Court Action is attached hereto as **Exhibit B**. *See id.* § 1446(a).

24. A copy of this Notice of Removal is being served on counsel for all parties and filed with the clerk of the Court of Common Pleas of Philadelphia County. *See id.* § 1446(d). A copy of the to-be-filed Notice of Filing of Notice of Removal, without exhibits, is attached hereto as **Exhibit C**.

25. Nothing in this Notice is intended to or should be construed as any type of express or implied admission by Amazon of any fact alleged by Plaintiff, of the validity or merits of any

---

[3] The unidentified Doe defendants are not required to consent to removal. *See Green v. America Online (AOL)*, 318 F.3d 465, 470 (3d Cir. 2003) ("However, the general rule that all defendants must join in a notice of removal may be disregarded where, as here, the non-joining defendants are unknown.").

7

of Plaintiff's claims and allegations, or of any liability for the same, each and all of which are expressly denied, or as any type of express or implied waiver or limitation of any of Amazon's rights, claims, remedies, and defenses in connection with this action, all of which (including defenses related to service of process and lack of personal jurisdiction) are hereby expressly reserved.

26. If any question arises regarding the propriety of the removal of this action, Amazon respectfully requests the opportunity to present a brief and be heard at oral argument in support of removal.

### Demand for Jury Trial

27. Amazon hereby demands a separate jury trial on all claims and issues so triable.

\* \* \*

WHEREFORE, Amazon gives notice that the civil action styled *Jennings v. Amazon.com, Inc. et al.*, No. 260202435, pending in the Court of Common Pleas for Philadelphia County, is removed to the United States District Court for the Eastern District of Pennsylvania, and requests that this Court retain jurisdiction for all further proceedings in this matter.

Date: February 20, 2026

Respectfully submitted,

**CLARK HILL PLC**

*/s/ Robin S. Weiss*
Robin S. Weiss, Esquire
Howard M. Klein, Esquire
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
Phone: 215.640.8500/Fax: 215.640.8501
Email: rsweiss@clarkhill.com;
hklein@clarkhill.com

Attorneys for Defendants,
*Amazon.com, Inc., and*
*Amazon Logistics, Inc.*